IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CONTRERAS, | § | |
| | § | |
| Movant, | § | |
| VS. | § | CIVIL NO. 1:13-CV-83 |
| | § | (Criminal No. 1:02-CR-562-4) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before this Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) pursuant to 28 U.S.C. § 2255, Respondent's Amended Response and Alternative Motion to Dismiss (Dkt. No. 32), the Magistrate Judge's Memorandum and Recommendation ("R&R") (Dkt. No. 76), and Respondent's Motion for an Evidentiary Hearing; and Alternative Motion for Leave to File Out-of-Time Objections (Dkt. No. 80). For the reasons below, the Court adopts the R&R, grants in part and denies in part Respondent's motion to dismiss, denies Respondent's motion for a hearing, and grants Movant's request for relief on his ineffective assistance of counsel claim.

## I. Respondent's Motion for a Hearing or for Leave to File Late Objections

On July 30, 2014, Respondent filed its Amended Response and Alternative Motion to Dismiss. Dkt. No. 32. On September 20, 2017, the Magistrate Judge to whom this case was assigned issued an R&R recommending that the Court grant Respondent's motion as to Contreras's improper sentencing claim and deny the motion as to his ineffective assistance of counsel claim. Dkt. No. 76 at 1. The Magistrate Judge further recommended that the Court issue judgment in favor of Contreras on his ineffective assistance of counsel claim. *Id.*

Neither party filed timely objections to the R&R. *See* 28 U.S.C. § 636(b)(1) (setting a 14-day deadline to file objections); *see also* R&R, Dkt. No. 76 at 38 (advising parties of the 14-day deadline). However, on December 20, 2017, Respondent filed its Motion for Evidentiary Hearing; and Alternative Motion for Leave to File Out-of-Time Objections. Dkt. No. 80. In it, Respondent argues that the Court should hold an evidentiary hearing on whether Contreras was prejudiced by his alleged ineffective assistance of counsel. *Id.* at 8. Specifically, Respondent suggests that the Court should hear testimony from Jody Young ("Young"), the prosecutor who represented the government in Contreras's 2003 case, on whether, and on what terms, the government would have made a plea-agreement offer in 2003. *Id.* at 8.

The opportunity to present this evidence has passed. On June 6, 2016, the Magistrate Judge held an evidentiary hearing to determine the merits of this case, including whether the government offered a plea agreement in 2003. Both Contreras and Warner testified at that hearing, and the Magistrate Judge allowed supplemental briefing on the merits by the parties. Contreras subsequently filed a "Motion for Government to Produce Evidence Related to Terms of Plea Offer." Dkt. No. 68. The Court granted the motion, and the government responded. Dkt. Nos. 69, 70. In its response, the government stated that it "had no additional evidence relevant to a plea offer." Dkt. No. 69 at 1.

Young represented the government at the June 6, 2016, evidentiary hearing. The government has offered no convincing reason why it could not present evidence regarding the 2003 plea negotiations at that hearing or in its subsequent filings. The government has represented that it had no evidence to present. The time to present evidence about the terms of the 2003 plea agreement has passed, and the Court has been presented with no sufficient reason to hold a new evidentiary hearing.

For similar reasons, the Court does not find good cause or excusable neglect that justifies permitting Respondent to file late objections. The Magistrate Judge's R&R was filed on September 20, 2017, after which each party had 14 days to file

objections. Neither party did. The government argues that an inadvertent administrative error caused this case to not be reassigned after the previous appellate attorney—AUSA Mary Jane Harmon—retired in May 2017. Dkt. No. 80 at 11. However, it does not explain why others who were notified of the R&R, including Young and the Appellate Division for the U.S. Attorney's Office for the Southern District of Texas, could not adequately ensure that the government filed its objections on time. Furthermore, AUSA Andrew Gould filed a notice of attorney substitution on November 28 and notices regarding potential settlement on December 1 and 14, 2017, and did not indicate until December 20, 2017, that he would seek to file late objections. The government has not explained why it waited three weeks after substituting in new counsel before filing its motion for leave to file out-of-time objections. The Court concludes that the government has not shown sufficient reason to be granted leave to file late objections to the R&R.

## II.     Movant's § 2255 Motion and Respondent's Motion to Dismiss

Because the Court finds that Respondent may not file late objections, the Court may now consider the merits of the case. After independently reviewing the record and applicable law, the Court adopts the proposed findings of facts and conclusions of law in the Magistrate Judge's R&R. For the reasons stated therein and below, Contreras should prevail on his ineffective assistance of counsel claim, and Respondent's Alternative Motion to Dismiss is granted in part and denied in part.

In addition to the Magistrate Judge's findings, the Court takes judicial notice of the Court's proceedings prior to its February 11, 2004, sentencing, which further support the conclusion that Warner did not properly advise Contreras. On August 13, 2003, Contreras was found guilty by a jury on all counts on August 13, 2003, including Counts 6 and 7.[1] Dkt. No. 260. A Presentence Investigation Report ("PSR"), prepared on September 18, 2003, was due on September 25, 2003. Dkt Nos.

---

[1] Counts 6 and 7 were for knowingly using and carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) and 2. Dkt. No. 1 at 4.

264, 318. The PSR incorrectly stated that Count 7 carried a 5-year mandatory sentence for Count 7.[2] Warner, on behalf of Contreras, filed objections on October 6, 2003. Dkt. No. 291. Warner's objections were unrelated to Count 7. *See id.* Warner filed additional objections to the PSR on January 21, 2004, and filed an accompanying memorandum and a Motion for Leave to File Additional Objection on January 29, 2004, seeking to have Counts 6 and 7 run concurrently rather than consecutively, but again not suggesting that the Count 7 sentence had been misstated. Dkt. Nos. 326, 328, 329.

Indeed, Warner's Motion for Leave to File Additional Objection repeatedly refers to Counts 6 and 7 as "two five-year sentences," Dkt. No. 328 at 1-2, and both the title and body of his accompanying memorandum also identify them as "the five-year mandatory sentences on the firearms counts (Counts Six and Seven)," Dkt. No. 329 at 1. It is reasonable for the Court to infer that, even several months after trial and with sentencing looming, Warner was unaware that Count 7 carried a 25-year mandatory sentence; rather, he first learned of the mandatory 25-year sentence when Probation Officer Luis Lopez ("Lopez") issued a PSR Addendum on February 2, 2004, stating that Lopez had reviewed 18 U.S.C. § 924(c)(1) in response to Warner's objections and noticed that the Count 7 sentence had been misstated in the earlier PSR.[3] *See* Dkt. No. 332 at 42. It would follow that, because Warner was unaware of the correct sentence, he did not advise Contreras of the mandatory 25-year sentence during plea negotiations with the government. This aligns with the Magistrate Judge's proposed findings.

This case presents a cautionary tale of the serious consequences that can result from an attorney's failure to be thoroughly versed in the applicable statutory

---

[2] *Compare* PSR, Dkt. No. 318 at 2 (stating that Count 7 carries a sentence of "mandatory five (5) years imprisonment . . ."), ¶ 91 ("The maximum term of imprisonment for Counts 6 and 7 is mandatory five (5) years consecutive to the underlying offense, pursuant to 18 U.S.C. § 924(c).") *with* 18 U.S.C. § 924(c)(1)(C) ("In the case of a second or subsequent conviction under this subsection, the person shall be sentenced to a term of imprisonment of not less than 25 years . . .").

[3] The PSR Addendum described that, "[u]pon receipt of the defendant's objection [Lopez] undertook an additional review of the statute and found that pursuant to 18 U.S.C. § 924(c)(1)(C), 'in the case of a second or subsequent conviction under this subsection, the person shall- (i) be sentenced to a term of imprisonment of not less than twenty-five (25) years.' "

penalties. Here, even the government and the PSR writer were mistaken until the eleventh hour as to the correct sentence for Count 7 under 18 U.S.C. § 924(c). *See* Dkt. No. 287 (government's October 2, 2003, statement of no objections to the September 18, 2003, including its misstatement of the Count 7 sentence). Under these circumstances, Warner might almost be excused for failing to deviate from others' erroneous misreading of the statute. Given the high bar that must be met to show ineffective assistance of counsel, there is always a risk that an attorney's oversight will have dire consequences for the client but will not be so irresponsible as to constitute ineffective assistance of counsel. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (recognizing that "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment") (citation omitted). Warner's conduct does not present the glaring examples of ineffective assistance of counsel that typically succeed on habeas review. *See, e.g.*, *Burdine v. Johnson*, 262 F.3d 336 (5th Cir. 2001) (sleeping through "substantial portions" of trial). Nevertheless, the Court adopts the proposed findings of the Magistrate Judge and concludes that Warner's conduct meets the ineffective-assistance-of-counsel standard and warrants further proceedings.

The Court having held that Contreras prevails on his claim of ineffective assistance of counsel during plea negotiations, it must also fashion an appropriate remedy. The Magistrate Judge recommended that this Court "provide [Contreras] with a remedy consistent with the Supreme Courts guidance in *Lafler v. Cooper*."

The Supreme Court in *Lafler* stated that if, as here, the underlying plea offer "was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice." *Lafler v. Cooper*, 566 U.S. 156, 171 (2012). Rather, "the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise

penalties. Here, even the government and the PSR writer were mistaken until the eleventh hour as to the correct sentence for Count 7 under 18 U.S.C. § 924(c). *See* Dkt. No. 287 (government's October 2, 2003, statement of no objections to the September 18, 2003, including its misstatement of the Count 7 sentence). Under these circumstances, Warner might almost be excused for failing to deviate from others' erroneous misreading of the statute. Given the high bar that must be met to show ineffective assistance of counsel, there is always a risk that an attorney's oversight will have dire consequences for the client but will not be so irresponsible as to constitute ineffective assistance of counsel. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (recognizing that "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment") (citation omitted). Warner's conduct does not present the glaring examples of ineffective assistance of counsel that typically succeed on habeas review. *See, e.g.*, *Burdine v. Johnson*, 262 F.3d 336 (5th Cir. 2001) (sleeping through "substantial portions" of trial). Nevertheless, the Court adopts the proposed findings of the Magistrate Judge and concludes that Warner's conduct meets the ineffective-assistance-of-counsel standard and warrants further proceedings.

The Court having held that Contreras prevails on his claim of ineffective assistance of counsel during plea negotiations, it must also fashion an appropriate remedy. The Magistrate Judge recommended that this Court "provide [Contreras] with a remedy consistent with the Supreme Courts guidance in *Lafler v. Cooper*."

The Supreme Court in *Lafler* stated that if, as here, the underlying plea offer "was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice." *Lafler v. Cooper*, 566 U.S. 156, 171 (2012). Rather, "the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise

discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed."

The Court concludes that this remedy is appropriate here. The Court therefore orders the government to reoffer Contreras its 2003 plea agreement. The Court recognizes that the Government may have difficulty in reproducing the exact terms of its 2003 offer, particularly because the record is devoid of any written memorialization of the offer. With this in mind, the Court requires only that the Government's plea agreement offer conform to its known elements: one or more guilty pleas (Count 1 and potentially Counts 4 and/or 5), a truthful debriefing, testimony against Contreras's co-defendants, dismissal of the remaining Counts, and a recommended 10-year sentence.[4] *See* Dkt. No. 76 at 29-31. If Contreras accepts the government's offer, the Court will then hold a hearing for Contreras to plead to the relevant counts of the indictment, after which the Court will decide whether to accept the plea and vacate Contreras's current convictions and sentence. If the Court accepts the plea and vacates Contreras's current sentence, the Court expects to resentence him soon after.[5]

The Court notes that although Gregory Sherwood is listed as Contreras's counsel in the above-captioned habeas case, he has not filed a notice of appearance in Contreras's related criminal case, Case No. 1:02-cr-562. The Court therefore orders Contreras to inform the Court of the status of representation in his criminal case within 21 days of the date of this order.

### III. Conclusion

Accordingly, this Court **DENIES** Respondent's Motion for an Evidentiary Hearing; and Alternative Motion for Leave to File Out-of-Time Objections (Dkt. No.

---

[4] The Court recognizes that because some terms of the 2003 offer are now irrelevant or impossible to perform, the parties may renegotiate a superseding plea agreement accordingly. This balances the necessary formality of reoffering and accepting the 2003 plea agreement with the reality that circumstances have substantially changed.

[5] The timing of a resentencing hearing may be influenced by various factors, including whether the parties waive a PSR and the need for the parties and the Court to prepare for resentencing.

80) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 76). The Court:

- **CONSTRUES** the Government's Amended Response and Alternative Motion to Dismiss (Dkt. No. 32) as a combined motion to dismiss and motion for summary judgment;
- **GRANTS IN PART** the Government's motion (Dkt. No. 32) to the extent that is seeks dismissal of Contreras's second claim, alleging improper sentencing;
- **DENIES IN PART** the Government's motion (Dkt. No. 32) to the extent that it seeks dismissal of Contreras's first claim, alleging ineffective assistance of counsel;
- **GRANTS** Contreras relief as to his first claim;
- **ORDERS** Contreras to inform the Court of the status of representation in his related criminal case, Case No. 1:02-cr-562, within 21 days from the date of this order; and
- **ORDERS** the Government to reoffer the plea agreement which it offered during its 2003 negotiations with Contreras's then-attorney, Larry Warner, in Criminal Case No. 1:02-cr-562, within 21 days after an attorney appears or is appointed for Contreras in his criminal case.

SIGNED this 6th day of March, 2018.

Hilda Tagle
Senior United States District Judge